BOWEN, Presiding Judge.
This is an appeal from a denial of a petition for writ of habeas corpus in which petitioner Robinson seeks credit for the time for which he was incarcerated pending trial.
Robinson was arrested for robbery on December 16, 1967. He was placed in the Jackson County Jail and remained there until January 31, 1968, when he was released on bond. At the time of his arrest, Robinson was on parole from an earlier prison sentence.
Robinson was ultimately convicted of the robbery charge and sentenced to twenty-nine years’ imprisonment. At present he is serving this and other sentences in the state penitentiary system.
In his pro se petition for writ of habeas corpus, Robinson sought jail credit for some two years, six months and nineteen days, which he allegedly spent in county jails awaiting trial on various charges. On appeal, he recognizes that he is not entitled to all of this time but seeks credit only for the time spent in the Jackson County Jail between December 16, 1967, and his release in January of 1968. This particular issue was not litigated in the circuit court and consequently is not preserved for review.
Moreover, the petition for writ of habeas corpus was properly denied. Alabama Code Section 15-18-5 (1975), providing credit towards a sentence for the time spent incarcerated pending trial, was made to operate retrospectively by Section 15-18-7. However, we do not think that the legislature intended that an individual receive jail credit while at the same time serving another sentence on parole.
*798 When Robinson was arrested for robbery in December of 1967, he was on parole and was “serving time” even though outside prison walls. Ivey v. Alabama, 381 F.Supp. 503 (S.D.Ala.1974); Pinkerton v. State, 29 Ala.App. 472, 198 So. 157 (1940). The record shows that he was not declared a delinquent parolee until January 31, 1968, and was not rearrested as a parole violator until May 30, 1968. Consequently, Robinson was receiving credit on the conviction and sentence on which he was on parole from the time of his arrest in December of 1967, until the time he was declared delinquent in January of 1968. Alabama Code Section 15-22-32 (1975). Any other construction would allow Robinson to receive “double credit” — a result we do not think that the legislature intended.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.