**Richard IVY, Petitioner,**

v.

**STATE OF ALABAMA, Respondent.**

**Civ. A. No. 74–324–H.**

United States District Court,
S. D. Alabama, S. D.

Sept. 12, 1974.

Richard Ivy, pro se.

Charles N. Parnell, III, Asst. Atty. Gen., Montgomery, Ala., for respondent.

## ORDER

HAND, District Judge.

The petitioner, Richard Ivy, a State prisoner at No. 4 Honor Camp, Montgomery, Alabama, filed on August 5, 1974 a petition for Writ of Habeas Corpus pursuant to Title 28, U.S.C., Section 2254. Respondent, State of Alabama, filed on September 10, 1974 its return and answer with exhibits in support thereof.

Upon consideration of the pleadings, exhibits and the law, the Court finds that the petitioner, Richard Ivy, was convicted in the State Court of Alabama and sentenced to three (3) years on October 27, 1972. He was subsequently paroled on October 29, 1973. On February 1, 1974 the petitioner was declared delinquent. On March 1, 1974 he was recaptured and placed in custody pursuant to a parole violation warrant. Thereafter a parole revocation hearing was conducted on March 19, 1974 and a decision rendered in regard thereto on April 2, 1974, which said decision revoked the parole.

■■ By State law the time spent on parole is credited to one's prison term. Summers v. State, 31 Ala.App. 264, 15 So.2d 500. Such was done in petitioner's case. However, once a parolee is declared delinquent he is no longer serving his sentence in any capacity. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247.

Title 42, Section 12, Code of Alabama, 1940, requires that time owed by a parolee on his sentence shall be computed from the date of delinquency. The issue now narrows as to when does the time begin to run again on the sentence. The respondent, State of Alabama, would have the Court hold that the time begins to run from the date the decision revoking the parole is rendered.

Before this question can be answered the Court must first decide if it has the authority to issue this Writ of Habeas Corpus.

Title 28, U.S.C., Section 2254 granted the District Court authority to entertain an application for a Writ of Habeas Corpus *only* on the ground that petitioner is in custody in violation of the Constitution or laws or treaties of the United States.

In 1966 Congress passed legislation requiring that a federal convict shall be given credit toward the service of his sentence for any days spent in custody in connection with the offense or acts for which the sentence was imposed. 18 U.S.C., Section 3568. Such credit was not viewed as an absolute Constitutional right, for if it was, there would have been no necessity for the legislation. See Cobb v. Bailey, 5 Cir., 469 F.2d 1068.

■■ The State contends that if a parole revocation hearing is required, a parolee can endure a reasonable period of confinement awaiting determination of his delinquency without receiving credit for said period of confinement on his sentence. We agree. This action does not reach Constitutional proportions. It is only when an unreasonable delay occurs between the date of respondent obtaining custody and control over parolee and the date of parole revocation decision that a claim may become cognizable on a federal Writ of Habeas Corpus. There was no unreasonable delay in this incident; therefore, it is

Ordered, adjudged and decreed that this cause stands dismissed.