**Ex parte William Wesley BATES.**

Nos. 73099, 73100.

Court of Criminal Appeals of Texas, En Banc.

Oct. 21, 1998.

---

Don Schnebly, District Attorney, Weatherford, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

MEYERS, Judge, delivered the opinion of the Court in which BAIRD, OVERSTREET, MANSFIELD, and PRICE, Judges, joined.

These are post-conviction applications for writ of habeas corpus filed pursuant to Texas Code of Criminal Procedure article 11.07. On September 2, 1996, applicant was convicted of two counts of delivery of less than five pounds of marihuana and punishment was assessed in each case at two years confinement in a state jail felony facility, probated for five years. On May 7, 1997, the State filed in each cause a Motion to Revoke Community Supervision. Pursuant to a plea agreement, applicant pled "true" to the State's allegations on October 28, 1997, the court revoked his probation and he was sentenced to eighteen months confinement in a state jail felony facility in each cause. No appeal was taken from applicant's convictions.

Applicant contends he has not received credit for all the time he was confined in these causes before being sentenced. The State stipulates that applicant was confined from May 17, 1996, to September 4, 1996, before he pled guilty and was placed on community supervision in these causes, and then from July 1, 1997, to October 28, 1997, pending a motion to revoke his community supervision, with no credit being given for either period when the community supervision was revoked.

■ Texas Code of Criminal Procedure article 42.12 § 15(h)(2), provides that a trial court has discretion whether to grant credit against time served in a state jail felony facility, for time confined between arrest and sentence: [1]

William Wesley Bates, pro se.

1. Article 42.12 § 15(h) further provides:

(1) A defendant confined in a state jail felony facility does not earn good conduct time for time served in the facility.
\* \* \*

(3) A judge shall credit against any time a defendant is subsequently required to serve in a state jail felony facility after revocation of community supervision any time served by the defendant in a state jail felony facility after sentencing.

A judge may credit against any time a defendant is required to serve in a state jail felony facility time served by the defendant in county jail from the time of the defendant's arrest and confinement until sentencing by the trial court.

An exception to this provision was recognized in *Ex parte Harris,* 946 S.W.2d 79 (Tex. Crim.App.1997). There, the Court held the defendant was entitled to credit for time confined between his arrest and the entry of his guilty plea, where he was unable to post bond due to his indigence and he was assessed the maximum sentence. The *Harris* exception does not apply here, however, since applicant was assessed less than the maximum punishment, and would not be required to serve more than the maximum permissible term even if the pretrial jail time were added to the term assessed. The trial court was not required to give applicant credit for the period he was confined in 1996. Art. 42.12 § 15(h)(2), supra.

■ Applicant also claims he is entitled to credit for the period he was confined pending the motion to revoke his community supervision, pursuant to *Jimerson v. State,* 957 S.W.2d 875 (Tex.App.—Texarkana 1997, no pet.). In *Jimerson,* the Texarkana Court of Appeals concluded that article 42.12, § 15(h)(2) violated Article I, § 19, of the Texas Constitution insofar as it denied credit for periods of confinement pursuant to a motion to revoke community supervision.

Prior to its amendment in 1973, Texas Code of Criminal Procedure article 42.03 gave trial courts discretion whether to give credit for time confined before sentencing, just as article 42.12, § 15(h)(2) does now for state jail felonies, and also made discretionary whether to give credit for confinement pending appeal. *See Ex parte Griffith,* 457 S.W.2d 60, 62–64 (Tex.Crim.App.1970). However, the Fifth Circuit Court of Appeals held that allowing the trial court to deny credit for time confined pending appeal violated due process because the possibility of credit being denied could "deter a defendant from appealing." *Robinson v. Beto,* 426 F.2d 797, 799 (5th Cir.1970). This Court in *Griffith* followed that opinion. The Fifth Circuit

then expanded on *Robinson* by holding that a prisoner is entitled to good time credits for time confined pending an appeal on the same basis as if no appeal were pursued because, as held in *North Carolina v. Pearce,* 395 U.S. 711, 724, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), "[p]enalizing those who choose to exercise constitutional rights 'would be patently unconstitutional.' *United States v. Jackson,* 390 U.S. 570, 581, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968)." *Pruett v. Texas,* 468 F.2d 51, 56 (5th Cir.1972), *aff'd and modified in part,* 470 F.2d 1182 (5th Cir.1973), *aff'd* 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39.

In *Ex parte Canada,* 754 S.W.2d 660 (Tex. Crim.App.1988), we addressed whether an inmate is entitled to credit for time confined pursuant to a parole violator warrant when the parolee is released back on parole, but later revoked for a subsequent violation. Code of Criminal Procedure article 42.18, § 15,[2] provided that "[w]hen a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation." Notwithstanding this provision, we held that time confined while awaiting a revocation hearing and decision whether to revoke parole was analogous to time confined pending an appeal, such that denying credit for such confinement pursuant to § 15 might "chill the parolee's decision to exercise his constitutional right to a pre-revocation hearing," *id.* at 667, and consequently violate the parolee's right of due course of law under Article I, § 19, of the Texas Constitution. *Canada* has since been followed in *Ex parte Price,* 922 S.W.2d 957 (Tex.Crim.App.1996).

In *Jimerson* the Court of Appeals held that the rationale used in *Canada* applied in this situation. The Court of Appeals held that because a defendant may waive his revocation hearing under Code of Criminal Procedure article 42.12, § 21(b), the same principles relied upon in *Canada* required that credit be granted for periods of confinement

2. Now V.T.C.A. Gov't Code § 508.283(c).

pursuant to motions to revoke community supervision in state jail felony cases.

A person may waive any right which is not an absolute requirement. *See Ex parte McJunkins,* 954 S.W.2d 39, 41 (Tex. Crim.App.1997); *Powell v. State,* 897 S.W.2d 307, 316 (Tex.Crim.App.1994). Article 42.12, § 21(b) specifically authorizes waiver of a revocation hearing in some situations, and does not specifically preclude it. Therefore, a person charged with violating a condition of community supervision may waive his right to a revocation hearing, even though he has a constitutional right to such a hearing. See *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Consequently, we agree with the conclusion in *Jimerson* that the logic applied to parole revocations in *Canada* applies equally to revocations of community supervision, and denying credit for such periods of confinement would violate due course of law under Art. I, § 19. Applicant is entitled to relief.[3]

Relief is granted in part. The Texas Department of Criminal Justice, state jail division, shall credit Applicant's sentences in cause numbers 12269 and 12270 in the 43rd Judicial District Court of Parker County for the period from July 1, 1997, to October 28, 1997.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, state jail division.

Judge KELLER filed a dissenting opinion, in which McCORMICK, P.J., and HOLLAND, J. joined.

Judge WOMACK filed a dissenting opinion.

KELLER, Judge, dissenting.

The majority concludes that the failure to credit a state jail felon with time served pursuant to a probation revocation warrant violates the Texas Constitution. We have held that denying credit for time served pending appeal violates due process. *Ex parte Griffith,* 457 S.W.2d 60 (Tex.Crim.App. 1970). And we have held that denying credit for time served pending a motion to revoke parole violates the Texas Constitution. *Ex parte Canada,* 754 S.W.2d 660 (Tex.Crim. App.1988). Analogies are drawn between the situation in this case and the situations in *Griffith* and *Canada.*[1] In my opinion, there is a marked distinction between the appeal situation and the state jail probation revocation situation.

When credit for time served pending an appeal is optional, an inmate must choose between, on the one hand, forgoing the appeal and, on the other, risking spending virtually unlimited time in confinement without receiving credit for it. Such a defendant not only has no control over how long the appeal will take, he has no way of confidently approximating how long it will take, and thus he cannot competently weigh the advantages

---

**3.** This Court has previously held that persons confined pursuant to a motion to revoke probation are entitled to credit on the sentence assessed when the probation is revoked, notwithstanding language in Code of Criminal Procedure article 42.12, § 8(b), that "[n]o part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve." *Ex parte Guerra,* 518 S.W.2d 815 (Tex.Crim.App.1975). The Court reasoned that the amendment of Article 42.03, § 2, to require credit "for the time that the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court," effectively amended article 42.12, § 8(b), because the article 42.03 amendment was subsequent to enactment of § 8(b). *Guerra,* 518 S.W.2d at 817. Article 42.12, § 15(h)(2), giving the trial court discretion to grant or deny credit for time in county jail before sentencing, was en-

acted subsequent to the amendment of article 42.03, so *Guerra* does not apply here. Additionally, § 15(h) is a more specific provision than article 42.03 because it applies only to state jail felonies, whereas article 42.03 applies to all criminal cases. *Ex parte Quinby,* 928 S.W.2d 565 (Tex.Crim.App.1996).

**1.** Because the holding in *Canada* was derived from the holding in *Griffith,* I will not at this point explain why *Canada* does not mandate the holding of the majority, other than to say this: I question whether the failure to give credit for time served pending a motion to revoke parole actually does violate the Texas Constitution, but even assuming that to be so, the statutes governing revocation of parole differ in ways I believe are significant from those pertinent to the issue in this case.

of the different courses of action. Pursuing an appeal in such a situation would be a risky proposition; one can easily imagine an inmate waiving his appeal in order to avoid the possibility of serving years of uncredited time in confinement.

When credit for time served pursuant to a state jail felony probation revocation warrant is optional, the defendant knows what he risks by not waiving the probation revocation hearing. He risks twenty days of uncredited confinement, at most. This is because Art. 42.12 Sec. 21(b),Tex.Code Crim. Proc. Ann., requires the court to hold a hearing on the motion to revoke within twenty days of the filing of the motion.

If an inmate confined pursuant to a motion to revoke probation were subject to unlimited non-credited time, he would be in a situation comparable to that of the inmate wishing to appeal. But Art. 42.12 Sec. 21(b) and Art. 42.12 Sec. 15(h)(2), when considered together, avoid any constitutional problem because the inmate's decision whether to avail himself of a hearing is not *overly* burdened by the fact that there is a possibility that he will not get credit for a relatively minimal amount of time served. His choice, unlike that of the inmate wishing to appeal, is between known options, and the risk of uncredited time is not great enough to tempt one who wants to litigate the motion to forgo his right to a hearing. By requiring a prompt hearing on the motion to revoke probation, the legislature has successfully avoided the constitutional problem in the appeal scenario. I would hold that Art. 42.12 Sec. 15(h)(2) does not violate the Texas Constitution, and that whether to award credit for time served by a state jail felon in a county jail pursuant to a motion to revoke probation is optional with the trial court.[2]

Nevertheless, by the combination of the two statutes, the legislature has shown an intent to limit the non-credit exposure of an inmate confined pursuant to a motion to revoke probation. In order to give effect to that intent, I would hold that if a hearing is not held within twenty days from the filing of the motion, an inmate is entitled to credit for time served beyond the statutory twenty days. In this case, applicant was confined pursuant to a motion to revoke probation from July 1, 1997, until October 28, 1997. I would hold that he is entitled to credit for the period from July 21, 1997, to October 28, 1997.

McCORMICK, P.J., and HOLLAND, J., join.

WOMACK, Judge, dissenting.

I agree with the Court that the applicant has no right to credit against the sentence for the time in jail before trial if it did not cause his total incarceration to exceed the maximum penalty.

I also agree with the principle that denial of credit against the sentence for time spent in jail during appeal might violate the right to due course of law. I think the decision to grant relief to this applicant in these cases is premature. These sentences, which are less than the maximum in each case, and which are not cumulated, were entered after a plea-bargain agreement. If the applicant agreed to this punishment, and if the State forewent its right to seek more punishment, with the knowledge and expectation that the appellant would not be credited for time spent in jail during appeal, there might well be a waiver of the right.

The convicting court made no findings of fact. I would remand these cases to the convicting court for resolution of these issues of fact.

**2.** In *Canada,* we noted that there is no federal constitutional right to credit for time served between arrest and sentence. 754 S.W.2d at 665. We also said in that case that it appears that there is no federal constitutional right to time credit for any period of confinement pending a parole revocation hearing. We quoted, "The State contends that if a parole revocation hearing is required, a parolee can endure a reasonable period of confinement awaiting determination of his delinquency without receiving credit for said period of confinement on his sentence. We agree. This action does not reach Constitutional proportions." 754 S.W.2d at 666 fn. 5, citing *Ivy v. State of Alabama,* 381 F.Supp. 503 (S.D.Ala. 1974).