NUMBER 13-00-383-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


ANTHONY CHAMPION , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 347th District Court

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Dorsey, Rodriguez, and Baird (1)

Opinion by Justice Baird


Appellant was charged by indictment with the offense of unauthorized use of a motor vehicle. Upon his plea of nolo
contendre, the trial court found appellant guilty and assessed punishment at two years confinement, suspended for a period
of three years. Subsequently, the State moved to revoke appellant's community supervision. The trial court granted the
State's motion and assessed punishment at two years confinement. Appellant raises two points of error. We affirm the trial
court's judgment as to appellant's revocation, but remand the case with instructions to reform the judgment to reflect credit
for time served.

 A complaint was filed for the instant offense on August 24, 1999. Appellant was arrested that date. The grand jury
returned its indictment on August 27, 1999, for the offense of unauthorized use of a motor vehicle, a state jail felony. Tex.
Pen. Code Ann. § 31.07 (Vernon 1994). Counsel in the person of Hon. Grant Jones was appointed to represent appellant
on that date. Approximately, two months later, on October 21, 1999, appellant entered into a plea bargain agreement with
the State wherein he pled nolo contendre to the charged offense. Punishment was assessed at the maximum period of
confinement, two years. Tex. Pen. Code Ann. § 12.35 (Vernon 1994). However, the trial court suspended imposition of
the sentence and placed appellant on community supervision for a period of three years. The State subsequently filed a
motion to revoke the community supervision. On April 28, 2000, appellant, who was incarcerated, appeared in court and
pled true to the allegations in the motion to revoke the community supervision. The appellant remained in custody until
May 18, 2000, when the hearing reconvened, the trial court revoked appellant's community supervision, and assessed
punishment at two years confinement in a state jail. The trial court ordered that appellant not be given credit for any time
he had served in confinement. Pursuant to that order, the judgment reflects that appellant be given credit for "O" days.

 Appellant raises two points of error contending the trial court erred in denying appellant credit for the time served in
confinement prior to his conviction, and for the time spent incarcerated following his arrest and revocation of community
supervision. The Equal Protection Clause of the Fourteenth Amendment requires that a defendant who is unable to post
bond because of his indigence and who is assessed the maximum allowable punishment, is entitled to credit for the time
served in confinement between the date of arrest and the date of conviction. Ex parte Harris, 946 S.W.2d 79, 80 (Tex.
Crim. App. 1997). Additionally, in Ex parte Bates, 978 S.W.2d 575, 578 (Tex. Crim. App. 1998), the Court of Criminal
Appeals held under the due course of law provisions of Article I, Section 19 of the Texas Constitution an individual is
entitled to credit for the time spent in confinement between the arrest on the State's motion to revoke probation and
sentencing. Id. Both the State and appellant agree with these legal principles.

 As to the first principle, the question is twofold: (a) how long was appellant incarcerated following his arrest on August 24,
1999 and until his plea on October 21, 1999; and, (2) was this incarceration, if any, because appellant was indigent and,
therefore, unable to post bond. Regarding the second principle, the question is simply how long was appellant incarcerated
following his arrest on the State's motion to revoke community supervision and his sentencing. Unfortunately, the record
before us does not provide sufficient information to answer these questions. In circumstances such as this, at least two of
our sister courts of appeals have remanded the matter to the trial court to determine the reason and length of incarceration. 
Hoitt v. State, 30 S.W.3d 670, 678 (Tex. App.-Texarkana 2000, pet. filed); Joseph v. State, 3 S.W.3d 627, 644 (Tex.
App.-Houston [14th Dist.] 1999, no pet.). Consistent with those cases, we remand the case to the trial court with
instructions to reform the judgment to reflect any credit for time served consistent with the dictates of Harris, supra, and
Bates, supra. (2)

 The judgment of the trial court is otherwise affirmed.





______________________________

CHARLES BAIRD,

Justice

Do not publish .

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 25th day of October, 2001. 

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The State concedes appellant is entitled to at least twenty days credit under Bates, supra. However, the State asks that
we not take any further action but rather force appellant to seek any further relief to which he may be entitled via section
501.0081 of the Government Code. Tex. Gov't Code Ann. § 501.0081 (Vernon Supp. 2001). But to do so, in light of the
State concession would be to piece-meal this matter and to place it into appellate and/or administrative orbit. That is
unacceptable in light of the fact that appellant gave notice of appeal on June 16, 2000. The better use of all our resources is
to end this matter as soon as possible. This we feel is best done by having the trial court make its determinations presently.