In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00082-CR


______________________________




BOBBY JOE WOODARD, II, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 9815254




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Bobby Joe Woodard, II has filed a motion seeking to dismiss his appeal. Pursuant to
Tex. R. App. P. 42.2, the motion is granted.

 The appeal is dismissed. 



 Ben Z. Grant

 Justice


Date Submitted: November 20, 2001

Date Decided: November 20, 2001


Do Not Publish



ext-align: center">No. 06-04-00015-CR
______________________________


LUTHER PHILMORE SMITH, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. F12,876


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          On February 11, 2002, Luther Philmore Smith pled guilty to unauthorized use of a
motor vehicle.


 Pursuant to a plea agreement, the trial court found the evidence
substantiated Smith's guilt, but deferred a finding of guilt for two years and placed him on
community supervision. The trial court later adjudicated Smith's guilt after he admitted
having violated several conditions of his supervision, but continued Smith on community
supervision under additional conditions. 
          On January 8, 2004, Smith pled "true" to violating four conditions of his adjudicated
community supervision and pled "not true" to violating a fifth condition. After hearing
evidence and arguments on the State's motion to revoke, the trial court found Smith
violated all five conditions and sentenced him to fourteen months in a state jail facility. In
pronouncing sentence, the trial court specifically denied Smith credit for any of the time he
had previously spent in jail in connection with this case. On appeal, Smith contends the
trial court erred by failing to credit him with any of the time he spent in jail before the
revocation. 
          On appeal, Smith claims there are four periods of incarceration for which he should
receive credit against his sentence: (1) the time he spent in jail before being initially placed
on community supervision; (2) the time he spent in jail in connection with the State's motion
to adjudicate guilt (Smith's guilt was adjudicated November 15, 2002);


 (3) the time Smith
spent in jail pending the State's first motion to revoke (filed January 15, 2003, but
presumably later dismissed pursuant to an agreed modification filed July 28, 2003); and
(4) the time spent in jail pending the State's second motion to revoke (filed December 5,
2003). 
          The Texas Court of Criminal Appeals addressed a factually similar case in Ex parte
Bates, 978 S.W.2d 575 (Tex. Crim. App. 1998). Bates was convicted of delivering less
than five pounds of marihuana and assessed punishment at confinement in a state jail
facility for a period of two years, probated for five years. Id. at 576. When Bates later pled
"true" to violating his community supervision, the trial court revoked his community
supervision and assessed Bates' punishment at confinement for eighteen months, with no
credit being given for any time Bates spent in jail before the guilty plea or before having his
community supervision revoked. Id. 
          On appeal to the Texas Court of Criminal Appeals, that court first addressed
whether Bates was entitled to credit for his pretrial jail time. Based on three key factors,
the court concluded the trial court was not required to give Bates credit for the period of
time he spent in jail awaiting trial: (1) Article 42.12, Section 15(h)(2) of the Texas Code of
Criminal Procedure grants a trial court discretion whether to credit a defendant's sentence
with any pretrial jail time; (2) the only exception to the exercise of that discretion arises
when the trial court assesses the maximum statutory punishment, which Bates had not
received; and (3) Bates "would not be required to serve more than the maximum
permissible term even if the pretrial jail time were added to the term assessed." Id. at
576–77 (explaining that Ex parte Harris, 946 S.W.2d 79 (Tex. Crim. App. 1997), did not
apply to Bates' case); see Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(2) (Vernon
Supp. 2004).
          The Bates court next addressed whether Bates should have been given credit for
the time he was confined pending the motion to revoke his community supervision. Bates,
978 S.W.2d at 577. After analyzing the constitutionality of Article 42.12, Section 15(h)(2),
as well as our opinion in Jimerson v. State, 957 S.W.2d 875 (Tex. App.—Texarkana 1997,
no pet.), the Bates court concluded that denying credit for periods of confinement pending
revocation of community supervision would violate the due course of law provision of the
Texas Constitution. Id. at 578 (referencing Tex. Const. art. I, § 19). Accordingly, the court
found Bates should have been given credit for the time he spent in jail between the time
of his arrest on the revocation warrant and the trial court's decision to revoke his
community supervision. Id.
          In the case now before us, there is no evidence regarding the total number of days
Smith spent confined. Further, no attempt was made before the trial court to set forth the
specific number of days Smith spent in confinement before trial or while awaiting a hearing
on the State's motions to adjudicate guilt or revoke community supervision. 
          The trial court declined to give Smith credit for the time he spent in jail awaiting trial. 
Under the reasoning in Bates, we cannot say the trial court abused its discretion in this
case. There is no statutory or constitutional requirement that Smith be given pretrial credit
in this case, because he received less than the maximum sentence and there is no
indication that he would be required to serve more than the maximum permissible term if
his pretrial jail time were added to his sentence. Cf. id. at 577. Smith is, however, entitled
to be credited for any time he spent confined in jail awaiting a hearing on the State's
motions to adjudicate guilt or revoke community supervision. See id. at 578. Accordingly,
the trial court erred by not granting credit for these time periods.
          From the record before us, we cannot determine the exact dates of Smith's various
incarcerations in this case. We, therefore, affirm the trial court's judgment of revocation,
but remand the case to the trial court with instructions to calculate and credit Smith for the
time spent in jail pending the State's motion to adjudicate guilt and pending both of the
State's motions to revoke Smith's community supervision.
 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      May 7, 2004
Date Decided:         June 10, 2004

Do Not Publish