Affirmed and Opinion filed December 12, 2002













Affirmed and
Opinion filed December 12, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00290-CR

_______________

 

DARRELL
CABALLERO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_______________________________________________

 

On Appeal from the 85th District Court

Brazos  County, Texas

Trial Court Cause No. 29,156-85

_______________________________________________

 

O P I N I O N

 

            Darrell Caballero appeals the trial
court’s denial of credit for time he served in jail before sentencing.  We affirm.

            Following a guilty plea, the trial
court found appellant guilty of state jail felony theft and sentenced him to 23
months confinement without credit for the time he spent in jail before trial
and sentencing.  Appellant’s sole point
of error contends that denying him credit for the 136 days he served in county
jail before sentencing was error because, when 

 class=Section2>

combined
with the 23 months of his sentence, it would cause him to serve, in the
aggregate, more than the two year maximum sentence[1] allowed by
statute.

            A trial court generally has
discretion whether to credit against any time a defendant is required to serve
in a state jail felony facility time served by the defendant in county jail
between the times of arrest and sentencing.  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 15(h)(2) (Vernon Supp.
2003).  However, the Equal Protection
Clause of the Fourteenth Amendment requires that an inmate be given credit for
pre-sentencing jail time if he was unable to post a bond due to his indigence
and received the maximum sentence.  Ex parte Harris,
946 S.W.2d 79, 80 (Tex. Crim. App. 1997).  Conversely, this exception does not apply
where less than the maximum punishment is assessed and the appellant would not
be required to serve more than the maximum term even if the pretrial jail time were
added to the term assessed.  Ex parte Bates,
978 S.W.2d 575, 577 (Tex. Crim. App. 1998).

            In this case, the record does not
reflect whether appellant was released on bond[2] or thus
whether he spent an amount of time in jail before sentencing that, combined
with his sentence, would exceed the maximum punishment allowable.  Because appellant has therefore not
demonstrated that he is entitled to relief, his sole point of error is
overruled, and the judgment of the trial court is affirmed.

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

Judgment
rendered and Opinion filed December
 12, 2002.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).











[1]           See Tex. Pen. Code Ann. § 12.35(a)
(Vernon 1994).





[2]           Such information is not listed
among the materials automatically included in the clerk’s record, and no
request for additional items appears in our record.  See
Tex. R. App. P. 34.5(a), (b).