IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00172-CR

 

Craig David Demouchette,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court # 26208-272

 



MEMORANDUM 
Opinion



 








Is Craig Demouchette entitled to
credit for the time he was confined between arrest and his sentence?  He asserts that the trial court erred when it
refused to give him credit toward his state jail sentence for: 1) time spent in
Brazos County jail after his initial arrest; 2) time he was confined pending
the hearing on the State’s motion to proceed with adjudication; and 3) time he
was confined on the State’s motion to revoke community supervision.  We will modify the judgment and sentence and
grant Demouchette credit for the period of confinement pursuant to the motion
to proceed with adjudication and the motion to revoke community supervision.




BACKGROUND

On June 15, 1998, Demouchette was arrested for possession of a controlled
substance under one gram.  He was
released on bond that same day.  After he
pled guilty, he was sentenced to five years’ deferred adjudication probation.  The State filed a motion to proceed with
adjudication of guilt and sentence for which Demouchette was arrested on July 21,
 2000.  On July 25, 2000, he was again released on bond.  He pled “true” to the State’s motion and was
sentenced to two years in a state jail facility probated for three years.  Later, the State filed a motion to revoke
community supervision for which Demouchette was arrested on March 21, 2003.  On May 1, 2003, a hearing was held and the trial court revoked
Demouchette’s probation and sentenced him to twelve months confinement in a state
jail facility.

JAIL
CREDIT

Demouchette argues that he is
entitled to jail credit for the following: 1) time spent in Brazos County jail
after his initial arrest; 2) time he was confined pending the hearing on the
State’s motion to proceed with adjudication; and 3) time he was confined on the
State’s motion to revoke community supervision.

The State argues that he is not
entitled to credit for 1) the time confined after his initial arrest because he
did not receive the maximum sentence; and 2) time confined pending the hearing
on the State’s motion to proceed with adjudication because he was not sentenced
to a state jail facility following the adjudication of guilt.  The State agrees that Demouchette is entitled
to state jail credit for the days he spent confined pending the hearing on the
State’s motion to revoke his community supervision.

A trial court has discretion whether
to grant credit: “[a] judge may credit against any time a defendant is required
to serve in a state jail felony facility time served by the defendant in county
jail from the time of the defendant’s arrest and confinement until sentencing by
the trial court.”  Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(2) (Vernon Supp.
2004-05); see also Ex parte Bates,
978 S.W.2d 575, 577 (Tex. Crim. App. 1998). 
There is an exception to this discretionary provision: under the equal
protection clause of the Fourteenth Amendment, a defendant is entitled to
credit for time served, from the time of his arrest to the entry of a guilty
plea if he was unable to post bond due to his indigence and he received
the maximum sentence.  Ex parte Harris, 946 S.W.2d 79, 80 (Tex.
Crim. App. 1997).  This exception does
not apply when the defendant is assessed less than the maximum punishment and
would not be required to serve more than the maximum punishment if the
confinement times were added together.  Ex parte Bates, 978 S.W.2d at 577.  In state jail felony cases, a defendant is
entitled to credit for time confined pending a State’s motion to revoke his
community supervision.  Id. at 577-78.

The maximum statutory sentence for Demouchette’s
state jail felony is two years.  He was
sentenced to one year.  Therefore, for
the time (one day) spent in jail after his initial arrest,[1]
Demouchette is not entitled to credit because he was sentenced to less than the
maximum sentence and adding one day would not exceed the maximum sentence.  See Ex
parte Bates, 978 S.W.2d at 578; Ex
parte Harris, 946 S.W.2d at 80.

The State’s motion to proceed with
adjudication was treated as a motion to revoke Demouchette’s deferred
adjudication probation, and the court entered an Order finding him guilty and
sentenced him to two years’ imprisonment probated for three years.  Therefore, we use the rule applicable to a
motion to revoke community supervision. 
Thus, for the time spent confined pending a hearing on the State’s
motion to proceed with adjudication,[2]
Demouchette is entitled to credit.  See Ex parte Bates, 978 S.W.2d at
577-78; see also Smith v. State, No.
06-04-00015-CR, 2004 Tex. App. LEXIS 5074, *5-6 (Tex. App.—Texarkana 2004, no
pet.).

For the time spent confined pursuant
to the State’s motion to revoke community supervision,[3]
Demouchette is entitled to credit, to which the State agrees.  See Ex
parte Bates, 978 S.W.2d at 577-78.

CONCLUSION

We modify the judgment and sentence.  The Texas Department of Criminal Justice, State
Jail Division, shall credit Demouchette’s sentence in cause number 26208-272 in
the 272nd District Court
 of Brazos
 County for the period from July 21, 2000, to July 25, 2000, and from March 21, 2003, to May 1, 2003.  We
affirm the judgment and sentence as modified.

A copy of this opinion shall be sent
to the Texas Department of Criminal Justice, State Jail Division.

 

 

BILL VANCE

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

          (Chief Justice Gray
dissents without a separate opinion.)

Affirmed as modified

Opinion delivered and filed December
 29, 2004

Do not publish

[CR25]











    [1]       June 15, 1998.





    [2]           July 21, 2000 – July
 25, 2000.

 





    [3]           March 21, 2003 – May
 1, 2003.