IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,557-01






EX PARTE STEVEN KYLE CUMMINGS, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 886469-A IN THE 337TH JUDICIAL

DISTRICT COURT HARRIS COUNTY



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to an indictment alleging that he possessed four ounces or more
but less than five pounds of marihuana. The trial court deferred a finding of guilt and placed
Applicant on community supervision for two years. Applicant was subsequently adjudicated
guilty of the offense and sentenced to sixteen months in a state jail facility and a fine of $300. 
There were no direct appeals.

 In this application for a writ of habeas corpus, Applicant makes several claims. He
asserts that he was unlawfully confined in a state prison rather than a state jail facility, that 
he is being denied pre-sentence confinement credit, that this denial of pre-sentence
confinement credit has illegally extended his sentence past the maximum term for a state jail
felony, that he was denied effective assistance of counsel and due process in connection with
the trial court's decision to adjudicate guilt, and that he was denied his right to appeal after
he was adjudicated guilty of the offense. 

 Regarding Applicant's claim that he is being denied pre-sentence confinement credit,
this Court finds that the record provided indicates that Applicant may be eligible for a total
of approximately sixty-one days credit for time served in the county jail before sentencing
that was not a condition of community supervision (seven of these days have already been
awarded in the judgment of the court). See Tex. Code Crim. Proc. art. 42.12 § 23(b); Ex
parte Bates, 978 S.W.2d 575 (Tex. Crim. App. 1998). The award of this time is within the
discretion of the trial court, Tex. Code Crim. Proc. art. 42.12 § 15(h)(2); Ex parte Harris, 
946 S.W.2d 79 (Tex. Crim. App. 1997), and Applicant may seek the award of this time
through a motion for a judgment nunc pro tunc, see Ex parte Ybarra, 149 S.W.3d 147 (Tex.
Crim. App. 2004). Consequently, this claim should be and hereby is dismissed.

 Regarding Applicant's remaining claims, after a review of the record, this Court
agrees with the trial court that there are no remaining controverted, previously unresolved
facts material to the legality of Applicant's confinement. Consequently, these remaining
claims should be and hereby are denied.

 For these reasons, this application for a writ of habeas corpus is DISMISSED in part
and DENIED in part.




DELIVERED: JUNE 7, 2006


DO NOT PUBLISH