# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00417-CR
## NO. 03-05-00418-CR

**David Keller Fox, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
NOS. 2004-181 & 2004-238, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In cause number 2004-181, a jury found appellant David Keller Fox guilty of two counts of aggravated assault. *See* Tex. Pen. Code Ann. § 22.02 (West Supp. 2005). In cause number 2004-238, the same jury found appellant guilty of possessing more than four grams of morphine, more than four grams of psilocin, and less than one gram of methamphetamine. *See* Tex. Health & Safety Code Ann. §§ 481.115(a), (b), (d), 481.116 (a), (d) (West 2003). For the methamphetamine offense, the jury assessed a two-year term in state jail and a $5000 fine. The jury assessed ten-year prison terms and $5000 fines for each of the other offenses, but imposition of these sentences was suspended and appellant was placed on community supervision.

Appellant's sole point of error is that he was denied equal protection of the law because the district court did not give him credit for his pretrial jail time when it imposed the two-year state jail sentence. The State did not respond to this contention.

The record reflects that appellant was arrested for these offenses on April 17, 2004. On January 10, 2005, appellant filed an application for writ of habeas corpus seeking a reduction in bail. On the same date, the district court reduced bail in these causes from a total of $100,000 to $25,000. Appellant obtained a bail bond on February 3, 2005. Appellant testified during the punishment phase that he spent a total of 296 days in jail before his release on the bond. In imposing sentence, the district court denied appellant's request for jail time credit: "I can't give you time served on a maximum, anyway, because it's required. So you will do the two years."

In state jail felony cases, a trial court generally has discretion whether to grant the defendant credit against his sentence for any jail time served between his arrest and his sentencing. Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(2) (West Supp. 2005). If, however, the defendant is assessed the maximum sentence, and if the defendant was confined following his arrest because he was unable to make bail due to indigence, he must be given credit for his presentence jail time. *Holloway v. State*, 115 S.W.3d 797, 798 (Tex. App.—Austin 2003, no pet.) (citing *Ex parte Bates*, 978 S.W.2d 575, 577 (Tex. Crim. App. 1998)). To deny time credit under these circumstances would cause the defendant to suffer incarceration beyond the maximum punishment provided for the offense because of his indigence, and thus deny him equal protection of the law. *Id*. (citing *Ex parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997)).

2

Appellant received the maximum two-year sentence provided for state jail felonies. *See* Tex. Pen. Code Ann. § 12.35(a) (West 2003). Thus, he must be given credit for the time he spent in jail due to his inability to afford the bail initially set by the court. The point of error is sustained.

There are two judgments in cause number 2004-238. The judgment convicting appellant of possessing less than one gram of methamphetamine and imposing a sentence of two years in state jail is modified to reflect a pretrial jail time credit of 296 days. As modified, this judgment is affirmed. The other judgment in cause number 2004-238, for possession of morphine and psilocin, and the judgment in cause number 2004-181 are affirmed.[1]

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed in Part; Modified and, as Modified, Affirmed in Part

Filed: August 31, 2006

Do Not Publish

_____

[1] Appellant's motion for prompt resolution is dismissed.

3