COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| MARTIN GARCIA RAMIREZ, | | No. 08-09-00008-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 143rd Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Ward County, Texas |
| | § | |
| Appellee. | | (TC# 04-02-04607-CRW) |
| | § | |
| | § | |

## **O P I N I O N**

Appellant, Martin Garcia Ramirez, was sentenced to 18 months state jail time for forgery with no credit for any pretrial confinement. In a single issue, Appellant requests that this Court reform the judgment of the trial court to allow credit for thirty-five days served prior to sentencing and pending hearings on revocation of community service in this matter. We sustain Appellant's request and order the judgment be reformed to reflect thirty-five days jail time credit.

Appellant, Martin Garcia Ramirez, was charged by indictment with forgery. On March 19, 2004, Appellant entered a guilty plea in the 143rd District Court of Ward County, Texas. He was originally sentenced to three years deferred adjudication subject to community supervision. The State filed Motions to Adjudicate on July 16, 2004, November 4, 2005, and October 2, 2008. Appellant was arrested following each motion. The first two motions to adjudicate led to continued deferment of adjudication, with amendments to the terms of Appellant's community supervision. The third motion to adjudicate led to adjudication of Appellant's guilt. Appellant was found guilty by the trial court and sentenced to eighteen months

state jail time.

In his sole issue on appeal, Appellant argues he is entitled to credit for time he spent confined prior to sentencing. In particular, he claims he is entitled to credit for time he spent confined during three periods of incarceration pending motions to revoke his community supervision in this cause.

The three periods Appellant refers to are: (1) between August 8, 2004 and September 3, 2004, Appellant claims he is entitled to twenty-seven days credit for this time served; (2) between November 9, 2005 and November 10, 2005, Appellant claims he is entitled to two days credit for this time served; (3) and between October 17, 2008 and October 22, 2008, Appellant claims he is entitled to five [sic] days credit for this time served. Appellant claims a total of thirty-five days credit. The record confirms that Appellant was confined, pending hearings to revoke community supervision in this cause during these periods. The record also reflects that Appellant has not been given jail time credit for these periods.

Article 42.12, section 15(h)(2)(A) of the Texas Code of Criminal Procedure provides that a trial court has discretion whether to grant credit for time served in county jail pre-sentencing.[1] However, in certain cases, the trial court's discretion under this statute is limited by due process pursuant to Article I, section 19, of the Texas Constitution and credit must be granted. *See Ex parte Bates*, 978 S.W.2d 575, 578 (Tex.Crim.App. 1998). This limitation extends to time served

---

[1] TEX.CODE CRIM.PROC.ANN. art. 42.12, § 15(h)(2)(A)(Vernon Supp. 2009)(a judge *"may* credit against any time a defendant is required to serve in a state jail felony facility time served by the defendant in a county jail from the time of the defendant's arrest and confinement until sentencing by the trial court")[Emphasis added].

pending a hearing for revocation of community supervision. *Id*. at 578.[2]

In this case, the record reflects that Appellant served thirty-five days in jail pending hearings to revoke community supervision. *Bates* informs us that defendants are entitled to credit for time served pending hearings to revoke community supervision. *Id*. at 578. Therefore, Appellant is entitled to the relief requested, thirty-five days credit. Pursuant to this Court's power to modify or reform the trial court's judgment under TEX.R.APP.P. 43.2(b), the trial court's judgment in this case is reformed to reflect thirty-five days jail time credit for the Appellant. The Appellant's sole issue is sustained and relief is granted.

The Appellant's sole issue on appeal is sustained and relief is granted. The trial court's judgment in this case is reformed to reflect thirty-five days jail time credit for the Appellant. The judgment is affirmed as reformed.

June 9, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[2] "[D]enying credit for [time served pending a revocation hearing] pursuant to § 15 might 'chill the parolee's decision to exercise his constitutional right to a pre-revocation hearing' . . . and consequently violate the parolee's right of due course of law under Article I, § 19, of the Texas Constitution." *Id*. at 577, *citing Ex parte Canada*, 754 S.W.2d 660, 667 (Tex.Crim.App. 1988).