COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





MARTIN GARCIA RAMIREZ,

                            Appellant,

V.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-09-00008-CR

Appeal from the

143rd Judicial District Court

of Ward County, Texas 

(TC# 04-02-04607-CRW) 





O P I N I O N
            Appellant, Martin Garcia Ramirez, was sentenced to 18 months state jail time for forgery
with no credit for any pretrial confinement. In a single issue, Appellant requests that this Court
reform the judgment of the trial court to allow credit for thirty-five days served prior to
sentencing and pending hearings on revocation of community service in this matter. We sustain
Appellant’s request and order the judgment be reformed to reflect thirty-five days jail time credit.
            Appellant, Martin Garcia Ramirez, was charged by indictment with forgery. On
March 19, 2004, Appellant entered a guilty plea in the 143rd District Court of Ward County,
Texas. He was originally sentenced to three years deferred adjudication subject to community
supervision. The State filed Motions to Adjudicate on July 16, 2004, November 4, 2005, and
October 2, 2008. Appellant was arrested following each motion. The first two motions to
adjudicate led to continued deferment of adjudication, with amendments to the terms of
Appellant’s community supervision. The third motion to adjudicate led to adjudication of
Appellant’s guilt. Appellant was found guilty by the trial court and sentenced to eighteen months
state jail time.
            In his sole issue on appeal, Appellant argues he is entitled to credit for time he spent
confined prior to sentencing. In particular, he claims he is entitled to credit for time he spent
confined during three periods of incarceration pending motions to revoke his community
supervision in this cause.
            The three periods Appellant refers to are: (1) between August 8, 2004 and September 3,
2004, Appellant claims he is entitled to twenty-seven days credit for this time served; (2)
between November 9, 2005 and November 10, 2005, Appellant claims he is entitled to two days
credit for this time served; (3) and between October 17, 2008 and October 22, 2008, Appellant
claims he is entitled to five [sic] days credit for this time served. Appellant claims a total of
thirty-five days credit. The record confirms that Appellant was confined, pending hearings to
revoke community supervision in this cause during these periods. The record also reflects that
Appellant has not been given jail time credit for these periods.
            Article 42.12, section 15(h)(2)(A) of the Texas Code of Criminal Procedure provides that
a trial court has discretion whether to grant credit for time served in county jail pre-sentencing.


 
However, in certain cases, the trial court’s discretion under this statute is limited by due process
pursuant to Article I, section 19, of the Texas Constitution and credit must be granted. See Ex
parte Bates, 978 S.W.2d 575, 578 (Tex.Crim.App. 1998). This limitation extends to time served
pending a hearing for revocation of community supervision. Id. at 578.



            In this case, the record reflects that Appellant served thirty-five days in jail pending
hearings to revoke community supervision. Bates informs us that defendants are entitled to
credit for time served pending hearings to revoke community supervision. Id. at 578. Therefore,
Appellant is entitled to the relief requested, thirty-five days credit. Pursuant to this Court’s
power to modify or reform the trial court’s judgment under Tex.R.App.P. 43.2(b), the trial
court’s judgment in this case is reformed to reflect thirty-five days jail time credit for the
Appellant. The Appellant’s sole issue is sustained and relief is granted.
            The Appellant’s sole issue on appeal is sustained and relief is granted. The trial court’s
judgment in this case is reformed to reflect thirty-five days jail time credit for the Appellant. The
judgment is affirmed as reformed.


June 9, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)