NO. 07-10-0135-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
22, 2010

 



 

DONALD EARL COLLINS,

  

                                                                                         Appellant                   

v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 249TH DISTRICT COURT OF JOHNSON
COUNTY;

 

NO. F42536; HONORABLE D. WAYNE
BRIDEWELL, PRESIDING

 



 

Opinion

 



 

Before  QUINN, C.J.,
and CAMPBELL and HANCOCK, JJ.

            We have
before us a rather novel question posed by Donald Earl Collins.  After the State succeeded in having his
community supervision or probation revoked, he asked the trial court to grant
him credit on his ten-year prison sentence equal to the time he sat in prison
while serving a different sentence.  The
trial court granted him some relief but not all that he sought.  We affirm the judgment.

            

Background

            The circumstances before us involve two
distinct driving while intoxicated offenses for which appellant was prosecuted
simultaneously.  One resulted in his
conviction and imprisonment (Conviction A). 
The other resulted in his conviction and probation (Conviction B).  The two sentences were then ordered to run
concurrently.  As a condition of
appellant’s probation, he was required to particate in a substance abuse
program.  While serving his prison
sentence for Conviction A, the State sent appellant to the program in question.  He refused to participate in it.  Instead, he, as opposed to the State, moved
to have his probation revoked.  Nothing
transpired with regard to his motion, though. 
Several months later, the State filed its own motion, which was heard by
the trial court.   That resulted in the revocation of appellant’s
probation and sentence to prison for Conviction B.  Before sentencing, though, appellant asked
the court to credit him with time spent serving Conviction A.  The trial court refused that as well as his
request for credit for the period beginning from the time he moved to revoke
his own probation.  The trial court did
grant him credit, though, from the time the State filed its motion.  

            Jail Time Credit        

            Simply put,
appellant wants his Conviction B sentence to be credited for time spent serving
his Conviction A sentence.  At most, the
period contemplated should begin either at the time he began serving his
Conviction A sentence or at the time he moved to revoke his probation.  Because both issues before us are premised on
that contention, we consider them together. 


            It is true
that a defendant normally is entitled to credit for the time he spends confined
while awaiting the adjudication of a motion to revoke.  Ex
parte Bates, 978 S.W.2d 575, 577-78 (Tex. Crim. App. 1998).  Yet, seldom, if ever, is it the defendant that
seeks to have his probation terminated. 
The desire to end probation usually is that of the State.  But, whether it is the State or the defendant
that moves for revocation is unimportant to our resolution of this appeal.  This is so because a condition precedent to
the validity of either argument is non-existent, that condition being
compliance with art. 42.03 §2(a) of the Texas Code of Criminal Procedure.  

            Through art.
42.03 §2(a), the legislature directed that in all criminal cases, “the judge of
the court in which the defendant is convicted shall give the defendant credit
on the defendant’s sentence for the time that the defendant has spent . . . in
jail for the case, other than
confinement served as a condition of community supervision, from the time of
his arrest and confinement until his sentence by the trial court . . . .”  Tex.
Code Crim. Proc. Ann. art. 42.03 §2(a)(1) (Vernon Supp. 2009) (emphasis
added).  As can be seen, the plain
wording of the provision mandates that the defendant receive credit for the
time spent jailed before his conviction. 
But, of import is the phrase “for the case” appearing in the statute.  From its location in the edict, the credit at
issue relates not just to any time the defendant spent incarcerated before
conviction.  Rather, it is the time one
is incarcerated for the case in which he is ultimately tried and convicted.  See
Martinez v. State, No. 13-04-0085-CR, 2005 Tex. App. Lexis 6000 at *8 (Tex. App.– Corpus
Christi July 28, 2005, no pet.) (not designated for publication) (stating that
the trial court must award credit for time served in the same offense and not
time spent serving a sentence in an independent cause).  

            According to
the record before us, appellant was not jailed for the crime underlying
Conviction B prior to the time the trial court revoked his probation.  Indeed, his plea bargain excluded that since
he was granted probation; that is, he was not supposed to go to jail for having
committed that offense.  Instead, his imprisonment
arose from the sentence levied in response to Conviction A.  Consequently, the circumstances at issue do
not fit those contemplated by art. 42.03 §2(a)(1).  And, because of that, it matters not who
filed the motion to revoke.[1]

Appellant’s issues are overruled, and the judgment
of the trial court is affirmed.  

             

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

            

Publish.











[1]As
for those complaints founded upon due process, they were not preserved since
they were not made below.  See Gonzalez v. State, 301 S.W.3d 393, 400-01 (Tex. App.–El Paso 2009, no pet.) (requiring an appellant to preserve his due process
complaints for appeal by asserting them at trial).