IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00065-CR

 

Bridgett Lavell Roberson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 09-00811-CRF-272

 



ABATEMENT ORDER










 

            This order is an effort by this Court,
working with the trial court, under the current version of the rules of
appellate procedure to ensure that the appellate record is timely filed.  Tex. R. App. P. 35.3(c).  This order is
also a departure from previous orders of this Court and is our effort to
empower the trial court and parties with a procedure to obtain a timely record
by establishing a more formal and certain process for early intervention upon
the identification of potentially late filed records.  

            As stated above, the responsibility
for assuring the record is timely filed is now the responsibility of the
appellate court and the trial court, jointly.  Tex. R. App. P. 35.3(c).  Previously, prior to the current
rule, it was the responsibility of the litigants to ensure the timely filing of
the record.  Tex. R. App. P.
53(k), amended eff. Sept. 1, 1997.  This is not to say, however, litigants are
prohibited from participating in the process.  We believe the attorneys
representing the parties play a valuable role in assisting the Courts by
appearing at any hearing ordered and (1) making a record of the reason(s) the
record has not been timely filed and (2) making a record of the actual or
potential prejudice to the parties when a record is filed late.

Background

            The reporter’s record in this appeal
was originally due on March 30, 2010.  Two reporters, Carolyn White, the official court reporter for the 272nd District Court, and Susan Rainwater, were
responsible for the preparation of this record.  Although White had her portion
of the record ready to be printed and assembled, White informed the Court that
Susan Rainwater had not completed her portion of the record.  White received an
extension of time to April 29, 2010 to file the record.  On April 23, the Court
received a notice from White explaining that, again, Susan Rainwater had not
completed her portion of the reporter’s record.  This time, both reporters
received an extension to June 1, 2010 to file the record.  No reporter’s record was filed.  On June 2, 2010, the Court received a notice from White that her
portion of the record was printed and bound but that she could not prepare a
master index without Susan Rainwater’s portion of the record.  White also
informed the Court that Susan Rainwater’s mother had passed away.  The Court
did not receive any notice from Susan Rainwater.

            On July 15, 2010, the Clerk of this Court sent a letter to Susan Rainwater asking that she contact the Court
within 10 days regarding the late record.  That request has been ignored. 
Furthermore, this is not the first time that this Court has had excessive
difficulties in receiving records from Susan Rainwater.  Since the July 15
letter was sent to Rainwater, the Court has received a letter from Roberson’s
counsel regarding the record and a motion for the Court to compel the reporter
to file the record.  

Order

            This appeal is ORDERED abated to the
trial court, the 272nd District Court, the Honorable Travis B. Bryan, III,
presiding, to hold a hearing as soon as practicable but not later than 28 days after
the date of this Order to determine:

(1)        why Susan Rainwater’s portion of the
reporter’s record has not been filed;

 

(2)        why there has been no response from
Susan Rainwater to the Court’s          correspondence; and

 

(3)        a date certain by when Susan Rainwater’s
portion of the reporter's record   can reasonably be transcribed into written
form and filed in a manner that     does not further delay the prosecution of
this appeal or have the practical             effect of depriving appellant of
his right to appeal.

 

            Counsel for the parties are ordered to
assist the trial court in making its determinations through subpoena and
questioning of Susan Rainwater and any other necessary witnesses.  Susan
Rainwater shall closely examine her professional and personal schedules and provide
those schedules to the trial court in an effort to assist the trial court with
a determination of a date certain that her portion of the reporter’s record
will be filed.  The parties’ counsel shall also make the trial court aware of
any actual or potential prejudices to the parties by the lateness of this
reporter’s record.

            The trial court must order Susan
Rainwater to file the record by the date determined.  Further, the trial court
must inform Susan Rainwater of the consequences of failing to file the record
by the date determined and ordered.  Those consequences include:

            (1)        abating
the proceeding again to the trial court for a contempt of court                                 hearing;

 

            (2)        imposing
a lump sum monetary fine;

 

            (3)        imposing
a daily fine for each day the record is late beyond the date                                   previously
determined by the trial court; and

 

            (4) 
      confinement in jail until the record is completed.

 

            The trial court shall require the
hearing to be transcribed.  To the extent necessary or pertinent to obtaining
compliance with the rules regarding preparation of the reporter’s record, the
trial court must: (1) prepare findings of fact and conclusions of law
addressing the above issues; (2) require the preparation of a supplemental
clerk's record containing its findings of fact and conclusions of law and all
orders it may issue as a result of its hearing in the matter; and (3) require
the preparation of a reporter's record transcribing the evidence and arguments
presented at the aforementioned hearing.  Additionally, the trial court’s
findings and orders must be provided to the trial court clerk within 7 days
from the date of the hearing.  

            The trial court clerk is ORDERED to
provide a supplemental clerk’s record, containing the written findings and
orders of the trial court, to this Court within 14 days from the date of the
hearing.  

            Further, the trial court’s official
reporter is ORDERED to provide a record of the hearing held to this Court
within 14 days from the date of the hearing.

 

                                                                        PER
CURIAM           

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed December 15, 2010 

Publish






b
style='mso-bidi-font-weight:normal'>BACKGROUND

On June 15, 1998, Demouchette was arrested for possession of a controlled
substance under one gram.  He was
released on bond that same day.  After he
pled guilty, he was sentenced to five years’ deferred adjudication probation.  The State filed a motion to proceed with
adjudication of guilt and sentence for which Demouchette was arrested on July 21,
 2000.  On July 25, 2000, he was again released on bond.  He pled “true” to the State’s motion and was
sentenced to two years in a state jail facility probated for three years.  Later, the State filed a motion to revoke
community supervision for which Demouchette was arrested on March 21, 2003.  On May 1, 2003, a hearing was held and the trial court revoked
Demouchette’s probation and sentenced him to twelve months confinement in a state
jail facility.

JAIL
CREDIT

Demouchette argues that he is
entitled to jail credit for the following: 1) time spent in Brazos County jail
after his initial arrest; 2) time he was confined pending the hearing on the
State’s motion to proceed with adjudication; and 3) time he was confined on the
State’s motion to revoke community supervision.

The State argues that he is not
entitled to credit for 1) the time confined after his initial arrest because he
did not receive the maximum sentence; and 2) time confined pending the hearing
on the State’s motion to proceed with adjudication because he was not sentenced
to a state jail facility following the adjudication of guilt.  The State agrees that Demouchette is entitled
to state jail credit for the days he spent confined pending the hearing on the
State’s motion to revoke his community supervision.

A trial court has discretion whether
to grant credit: “[a] judge may credit against any time a defendant is required
to serve in a state jail felony facility time served by the defendant in county
jail from the time of the defendant’s arrest and confinement until sentencing by
the trial court.”  Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(2) (Vernon Supp.
2004-05); see also Ex parte Bates,
978 S.W.2d 575, 577 (Tex. Crim. App. 1998). 
There is an exception to this discretionary provision: under the equal
protection clause of the Fourteenth Amendment, a defendant is entitled to
credit for time served, from the time of his arrest to the entry of a guilty
plea if he was unable to post bond due to his indigence and he received
the maximum sentence.  Ex parte Harris, 946 S.W.2d 79, 80 (Tex.
Crim. App. 1997).  This exception does
not apply when the defendant is assessed less than the maximum punishment and
would not be required to serve more than the maximum punishment if the
confinement times were added together.  Ex parte Bates, 978 S.W.2d at 577.  In state jail felony cases, a defendant is
entitled to credit for time confined pending a State’s motion to revoke his
community supervision.  Id. at 577-78.

The maximum statutory sentence for Demouchette’s
state jail felony is two years.  He was
sentenced to one year.  Therefore, for
the time (one day) spent in jail after his initial arrest,[1]
Demouchette is not entitled to credit because he was sentenced to less than the
maximum sentence and adding one day would not exceed the maximum sentence.  See Ex
parte Bates, 978 S.W.2d at 578; Ex
parte Harris, 946 S.W.2d at 80.

The State’s motion to proceed with
adjudication was treated as a motion to revoke Demouchette’s deferred
adjudication probation, and the court entered an Order finding him guilty and
sentenced him to two years’ imprisonment probated for three years.  Therefore, we use the rule applicable to a
motion to revoke community supervision. 
Thus, for the time spent confined pending a hearing on the State’s
motion to proceed with adjudication,[2]
Demouchette is entitled to credit.  See Ex parte Bates, 978 S.W.2d at
577-78; see also Smith v. State, No.
06-04-00015-CR, 2004 Tex. App. LEXIS 5074, *5-6 (Tex. App.—Texarkana 2004, no
pet.).

For the time spent confined pursuant
to the State’s motion to revoke community supervision,[3]
Demouchette is entitled to credit, to which the State agrees.  See Ex
parte Bates, 978 S.W.2d at 577-78.

CONCLUSION

We modify the judgment and sentence.  The Texas Department of Criminal Justice, State
Jail Division, shall credit Demouchette’s sentence in cause number 26208-272 in
the 272nd District Court
 of Brazos
 County for the period from July 21, 2000, to July 25, 2000, and from March 21, 2003, to May 1, 2003.  We
affirm the judgment and sentence as modified.

A copy of this opinion shall be sent
to the Texas Department of Criminal Justice, State Jail Division.

 

 

BILL VANCE

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

          (Chief Justice Gray
dissents without a separate opinion.)

Affirmed as modified

Opinion delivered and filed December
 29, 2004

Do not publish

[CR25]











    [1]       June 15, 1998.





    [2]           July 21, 2000 – July
 25, 2000.

 





    [3]           March 21, 2003 – May
 1, 2003.