Opinion issued February 15, 2007






 









In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01123-CR






GENE MICHAEL BROUSSARD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 13,422








O P I N I O N

 We withdraw our previous opinion and judgment that issued February 8, 2007. 
We substitute the following opinion in its stead.

 Appellant, Gene Michael Broussard, pleaded guilty to forgery of a financial
instrument. See Tex. Pen. Code Ann. § 32.21 (Vernon Supp. 2006). Pursuant to a
plea agreement, the trial court sentenced appellant to two years' confinement, but
probated the sentence and placed him on community supervision for five years. The
trial court also assessed a $1,000 fine. Later finding that appellant had violated the
terms of his community supervision, the trial court revoked appellant's community
supervision and sentenced him to 20 months' confinement, allowing 126 days credit
for time served. In his sole point of error, appellant argues that the trial court erred
when it sentenced him to 20 months' confinement without fully crediting him for time
served.

 We modify the judgment of the trial court as to appellant's punishment to
reflect an additional 43 days credit--i.e., 169 days total--for time served. We affirm
the judgment as modified.

Facts

 On July 19, 2001, appellant waived indictment, and the State filed an
information charging him with forgery of a financial instrument. That same day,
appellant entered a negotiated guilty plea, and the trial court sentenced him to two
years' confinement, but probated the sentence and placed him on community
supervision for five years. The trial court also assessed a $1,000 fine.

 On August 4, 2003, the State filed a motion to revoke appellant's community
supervision. Pursuant to a warrant issued on the motion, appellant was arrested on
August 20, 2003, in Fort Bend County and brought to the Washington County jail. 
Appellant remained in the Washington County jail until October 7, 2003, when the
trial court amended the conditions of his community supervision and released him. 

 On June 20, 2005, the State filed another motion to revoke appellant's
community supervision. Pursuant to a warrant issued on the motion, appellant was
arrested on July 6, 2005 in Victoria County and again brought to the Washington
County jail. On November 3, 2005, the trial court held a hearing on the State's
motion, and appellant pleaded "true" to the State's allegations. Concerning his
previous periods of incarceration, appellant testified that he was eligible for 251 days
credit for time served:

 I did from February of 2001 to July 2001; I did that waiting for
probation here in this county, plus in Fort Bend. Then, from February
3rd of 2002 to February 5th of 2003 I did county time and boot camp at
Harris County Boot Camp. Then from August of 2003 until the last day
of November of last year I did county time plus SAFPF; and I've been
in here since June 17th to the present day.


The trial court found that appellant had violated several conditions of his community
supervision, revoked appellant's community supervision, and sentenced him to 20
months in a state jail facility, giving him credit for "half the jail credit he's entitled
to"--126 days.

Analysis

 In his sole point of error, appellant contends that the trial court erred when it
sentenced him to 20 months' confinement without fully crediting him for time served. 
More specifically, appellant points to three time periods: time served after his initial
arrest but prior to his guilty plea and time spent awaiting revocation hearings in 2003
and 2005.

 Under the Texas Code of Criminal Procedure, a trial court has discretion
whether to grant a defendant credit for time served between arrest and sentencing: "A
judge may credit against any time a defendant is required to serve in a state jail felony
facility time served by the defendant in county jail from the time of the defendant's
arrest and confinement until sentencing by the court." Tex. Code Crim. Proc. Ann.
art. 42.12, § 15(h)(2) (Vernon 2006). The Court of Criminal Appeals has recognized
two exceptions to this rule.

 In Ex parte Harris, the Court of Criminal Appeals held that, under the Equal
Protection Clause of the Fourteenth Amendment, the defendant was entitled to credit
for time he spent in jail between his arrest and the entry of his guilty plea because he
was unable to post bond due to his indigence and the trial court assessed the
maximum sentence. 946 S.W.2d 79, 80 (Tex. Crim. App. 1997). 

 In Ex parte Bates, the Court of Criminal Appeals held that to deny a defendant
credit for a period of confinement between arrest on a motion to revoke community
supervision and sentencing would violate due process of law under Article I,
section 19, of the Texas Constitution. 978 S.W.2d 575, 578 (Tex. Crim. App. 1998). 
The court reasoned that because the Code of Criminal Procedure specifically
authorizes waiver of a revocation hearing in some situations and does not specifically
preclude a waiver in others, (1) denying a defendant credit for time spent waiting for a
revocation hearing that would otherwise be directly applied to his jail sentence might
chill the defendant's exercise of his right to a hearing. Id. at 577-78; see also
Jimerson v. State, 957 S.W.2d 875, 876-78 (Tex. App.--Texarkana 1997, no pet.)
(concluding that article 42.12, § 15(h)(2) violates Article I, section 19, of the Texas
Constitution and ordering trial court to credit defendant for time spent in jail between
arrest on revocation warrant and hearing on revocation). Thus, a defendant is entitled
to receive credit for time spent in jail between his arrest on a motion to revoke and
his sentencing. See Ex parte Bates, 978 S.W.2d at 578.

 At the 2005 revocation hearing, appellant testified that he was incarcerated
from his arrest in February 2001 until his guilty plea and subsequent release on
community supervision in July 2001. The record substantiates that appellant pleaded
guilty on July 19, 2001, but contains nothing to show the date on which appellant was
arrested. (2) Because this necessary evidence is missing from the record, we may not
modify the judgment to reflect credit for any time appellant may have served after his
initial 2001 arrest but prior to his guilty plea. See McGregor v. State, 145 S.W.3d
820, 822 n.1 (Tex. App.--Dallas 2004, no pet.) ("We must reform a judgment to
correct what the trial court could have corrected by a judgment nunc pro tunc, where
the evidence necessary to correct the judgment appears in the record.").

 The record also shows that appellant was arrested on August 20, 2003 ("2003
arrest") and on July 6, 2005 ("2005 arrest") pursuant to two separate motions to
revoke appellant's community supervision filed by the State. After the 2003 arrest,
appellant remained in county jail until October 7, 2003, when the trial court held a
revocation hearing and amended the terms of his community supervision and
appellant was released--a period of 48 days. After the 2005 arrest, appellant
remained in county jail until November 3, 2005--a period of 121 days--when the
trial court revoked his community supervision and sentenced him to 20 months'
imprisonment. Thus, sufficient evidence appears in the record to substantiate that
appellant spent a total of 169 days in county jail awaiting revocation hearings
following his arrests on revocation warrants. Hence, the trial court should have
awarded appellant 169 days credit against his 20-month sentence. See Ex parte Bates,
978 S.W.2d at 578. Because the court awarded appellant only 126 days, appellant is
entitled to an additional 43 days credit. See id. Thus, we will modify the judgment
of the trial court as to appellant's punishment to reflect an additional 43 days
credit--i.e., 169 days total--for time served and affirm the judgment as modified. 

 We sustain, in part, and overrule, in part, appellant's sole point of error.

Conclusion

 We affirm the judgment of the trial court as modified.

 

 

 


 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

Publish. Tex. R. App. P. 47.2(b).
1. See Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon 2006).
2. Appellant admits that the record is unclear as to some of the dates that he was incarcerated
and that he may have been incarcerated and unable to make bond prior to his initial plea on
July 19, 2001.