

**NUMBER 13-07-00268-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**JESSE BROWN,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 105th District Court of Nueces County, Texas.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Chief Justice Valdez**

A jury convicted appellant, Jesse Brown, of delivery of cocaine in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2005). The trial court assessed punishment at two years in a State jail and a fine of $2,000. In a single issue, appellant contends that he was denied equal protection of the law because the district court did not give him credit for his pre-trial jail time when it imposed the two-year

jail sentence.  We affirm the judgment as modified.

## I. BACKGROUND

Appellant was arrested on January 30, 2007, and his bond was set at $10,000.  On March 4, 2007, appellant petitioned the court to appoint counsel for him because he was "indigent, homeless, [with] no job [or] family."  On March 14, 2007, appellant's court-appointed counsel filed a "Request for Court Approval to Hire Investigator," wherein he noted that appellant is indigent and "detained in the Nueces County Main Jail in Corpus Christi, Texas . . . and has been detained in said facility since January 30, 2007."  No bail bond is in the clerk's record.  A jury found appellant guilty on April 10, 2007.  At the punishment hearing, also held on April 10th, the trial court denied appellant's request for jail time credit, stating:  "the law says that a person convicted of a State jail felony is not entitled to jail time credit and I will not grant you that jail time credit."

## II. ANALYSIS

In State jail felony cases, a trial court generally has discretion whether to grant the defendant credit against his sentence for any jail time served between his arrest and his sentencing.  TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(2) (Vernon 2006).  If, however, the defendant is assessed the maximum sentence, and if the defendant was confined following his arrest because he was unable to make bail due to indigence, he must be given credit for his pre-sentence jail time.  *See Broussard v. State*, 226 S.W.3d 619, 620-21 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (citing *See Ex Parte Harris*, 946 S.W.2d 79, 80 (Tex. Crim. App. 1997)).  To deny time credit under these circumstances would cause the defendant to suffer incarceration beyond the maximum punishment provided for

2

the offense because of his indigence, and thus deny him equal protection of the law.  *See Holloway v. State*, 115 S.W.3d 797, 789 (Tex. App.–Austin 2003, no pet.).

We find the record sufficiently shows that appellant was in custody and unable to post bond due to indigence from January 30, 2007 through April 10, 2007, a period of 71 days.  Appellant also received the maximum two-year sentence provided for state jail felonies.  *See* TEX. PENAL CODE ANN. § 12.35(a) (Vernon Supp. 2007).  Thus, he must be given credit for the time he spent in jail due to his inability to afford the bail initially set by the court.  *See Phillips v. State*, 64 S.W.3d 458, 461 (Tex. App.–Houston [1st Dist.] 2001, no pet.).  Appellant's sole issue on appeal is sustained.

### III.  CONCLUSION

We modify the judgment of the trial court as to appellant's punishment to reflect 71 days credit for time served and affirm the judgment as modified.

ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 17th day of April, 2008.

3