NUMBER 13-07-00268-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JESSE BROWN, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Chief Justice Valdez



 A jury convicted appellant, Jesse Brown, of delivery of cocaine in an amount less
than one gram. See Tex. Health & Safety Code Ann. § 481.112 (Vernon 2005). The trial
court assessed punishment at two years in a State jail and a fine of $2,000. In a single
issue, appellant contends that he was denied equal protection of the law because the
district court did not give him credit for his pre-trial jail time when it imposed the two-year
jail sentence. We affirm the judgment as modified. 

I. Background

 Appellant was arrested on January 30, 2007, and his bond was set at $10,000. On
March 4, 2007, appellant petitioned the court to appoint counsel for him because he was
"indigent, homeless, [with] no job [or] family." On March 14, 2007, appellant's court-appointed counsel filed a "Request for Court Approval to Hire Investigator," wherein he
noted that appellant is indigent and "detained in the Nueces County Main Jail in Corpus
Christi, Texas . . . and has been detained in said facility since January 30, 2007." No bail
bond is in the clerk's record. A jury found appellant guilty on April 10, 2007. At the
punishment hearing, also held on April 10th, the trial court denied appellant's request for
jail time credit, stating: "the law says that a person convicted of a State jail felony is not
entitled to jail time credit and I will not grant you that jail time credit." 

II. Analysis 

 In State jail felony cases, a trial court generally has discretion whether to grant the
defendant credit against his sentence for any jail time served between his arrest and his
sentencing. Tex. Code Crim. Proc. Ann. art. 42.12, § 15(h)(2) (Vernon 2006). If, however,
the defendant is assessed the maximum sentence, and if the defendant was confined
following his arrest because he was unable to make bail due to indigence, he must be
given credit for his pre-sentence jail time. See Broussard v. State, 226 S.W.3d 619, 620-21 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (citing See Ex Parte Harris, 946 S.W.2d
79, 80 (Tex. Crim. App. 1997)). To deny time credit under these circumstances would
cause the defendant to suffer incarceration beyond the maximum punishment provided for
the offense because of his indigence, and thus deny him equal protection of the law. See
Holloway v. State, 115 S.W.3d 797, 789 (Tex. App.-Austin 2003, no pet.).

 We find the record sufficiently shows that appellant was in custody and unable to
post bond due to indigence from January 30, 2007 through April 10, 2007, a period of 71
days. Appellant also received the maximum two-year sentence provided for state jail
felonies. See Tex. Penal Code Ann. § 12.35(a) (Vernon Supp. 2007). Thus, he must be
given credit for the time he spent in jail due to his inability to afford the bail initially set by
the court. See Phillips v. State, 64 S.W.3d 458, 461 (Tex. App.-Houston [1st Dist.] 2001,
no pet.). Appellant's sole issue on appeal is sustained. 

III. Conclusion 

 We modify the judgment of the trial court as to appellant's punishment to reflect 71
days credit for time served and affirm the judgment as modified. 


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 17th day of April, 2008.