NUMBER
13-09-00698-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                        CORPUS
CHRISTI
– EDINBURG

                                                                     


 

 WILLIAM THOMAS JR.,                                                               Appellant,

 

v.

 

THE
STATE OF TEXAS,                                                               Appellee.

                                                                     


 

On appeal from the 117th
District Court

of Nueces County,
Texas.

                                                                     


 

MEMORANDUM OPINION

 

                      Before
Justices Garza, Benavides, and Vela

                          Memorandum
Opinion by Justice Garza

 








This
is an appeal from an order revoking probation.  Appellant, William Thomas Jr., contends
that the trial court erred during the hearing on the motion to revoke when it: 
(1) considered an unalleged violation to the terms of his community service to
adjudicate his guilt and assess his sentence; and (2) failed to give him credit
for previous time served.  We affirm. 

I. Background

            On
November 21, 2008, Thomas pleaded guilty to the offense of possession of
cocaine pursuant to a plea agreement.   See Tex. Health & Safety Code Ann. §
481.115 (Vernon 2010).  The trial court deferred adjudication and placed Thomas
on two years’ community supervision.  See Tex. Code Crim. Proc. Ann. § 42.12 (Vernon Supp.
2010).  Nearly a year later, on September 9, 2009, the State filed a motion to
revoke when Thomas allegedly violated some of the terms of his community
supervision.  The court allowed Thomas to remain on community supervision, but
ordered the following sanctions: (1) sixty days’ jail time; (2) completion of the
Coastal Bend Outpatient Program/Intensive Outpatient Program (CBOP/IOP) within
sixty days of his release; (3) completion of a relapse prevention program; and
(4) ninety days of curfew.  Thomas served his sixty days in jail.  

            On
December 10, 2009, the State filed its second motion to revoke.  In its motion,
the State alleged that:  (1) Thomas’s September 9, 2009 urine sample tested
positive for marihuana; (2) Thomas admitted to smoking marihuana on November 9,
2009; and (3) Thomas failed to complete the CBOP/IOP program.  Thomas pleaded
true to all of the allegations.  The trial court granted the motion to revoke
and found him guilty of the underlying offense.

            After
the guilty finding, the trial court heard evidence about another urine sample,
taken on December 10, 2009, which also tested positive for marihuana.  Thomas
objected to this evidence, stating that the failure to pass the December 10,
2009 urine sample was not alleged in the motion to revoke and that he was
entitled to notice that this issue would be raised.  The trial court stated that,
“I’m not finding that [Thomas] has violated [his community supervision terms]
along those lines, but I am finding on your other matters with regards to the
appropriate disposition.  I will overrule.”  In other words, the trial court
considered the unalleged violation only for the purposes of assessing Thomas’s
sentence.  

            The
trial court revoked Thomas’s community supervision and sentenced him to one
year in the State Jail Division of the Texas Department of Criminal Justice. 
His attorney requested credit for the time Thomas served in jail as part of the
sanctions he received after his first motion to revoke hearing, but the trial
court refused this request.  This appeal followed.  

II.
Standard of Review








We
review the trial court's decision regarding community supervision revocation
for an abuse of discretion and examine the evidence in a light most favorable
to the trial court's order. Garrett v. State, 619 S.W.2d 172, 174 (Tex.
Crim. App. [Panel Op.] 1981). The trial court holds broad discretion over
community supervision, its revocation, and its modification.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 21.  A plea of true, standing alone, is sufficient to support revocation of
community supervision.  Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim.
App. [Panel Op.] 1979); Jones v. State, 112 S.W.3d 266, 268 (Tex. App.–Corpus
Christi 2003, no pet.).  

III. Analysis

A.          
Consideration of Unalleged Violation             

By
his first issue, Thomas contends that the trial court erred when it considered
the December
10, 2009 urine sample which tested positive for marihuana.  Thomas argues that
the trial court should not have considered this violation because it was not
clearly alleged in the State’s motion to revoke.  He contends the trial court
erred when it used this evidence to “adjudicate his guilt and assess his
sentence.”  

The
record shows that the trial court pronounced Thomas guilty before it ever heard
evidence of this “unalleged violation.”  Thomas pleaded “true” to the September
9, 2009 drug test which was positive for marihuana, to smoking marihuana on
November 9, 2009, and to failing to complete the CBOP/IOP program.  Based on
his pleas of “true,” the trial court then stated that “I’m going to find that
you have indeed violated the terms of your community supervision.  I will now
hear from both sides with regards to appropriate disposition.”  After this
announcement, the State then offered the December 10, 2009 urine sample into
evidence.  Therefore, the trial court did not consider the finding to
adjudicate Thomas’s guilt.

The
trial court did, though, consider the December 10, 2009 drug test to assess
Thomas’s appropriate sentence.  The court announced that it would take the
December 10, 2009 drug test into account “with
regards to the appropriate disposition.”  Thomas argues that he was entitled to
notice that this drug test would be used against him during sentencing.  He
cites Gagnon v. Scarpelli, a United States Supreme Court opinion, for
the general proposition that defendants are entitled to due process during a
revocation hearing.  411 U.S. 778, 786 (1973).  Gagnon holds that the "minimum
requirements of due process" for a revocation hearing include: 

(a) 
written
notice of the claimed violations of [probation or] parole; (b)  disclosure
to the [probationer or] parolee of evidence against him; (c) opportunity to be
heard in person and to present witnesses and documentary evidence; (d) the right
to confront and cross-examine adverse witnesses (unless the hearing officer
specifically finds good cause for not allowing confrontation); (e) a 'neutral
and detached' hearing body such as a traditional parole board, members of which
need not be judicial officers or lawyers; and (f) a written statement by the
factfinders as to the evidence relied on and reasons for revoking [probation
or] parole.

 

Id. (citing Morrissey v. Brewer,
408 U.S. 471, 489 (1972)).  We note, however, that  “[i]t is [also] well
settled that allegations in a revocation motion need not be made with the same
particularity of an indictment although such allegations must be specific
enough to give the accused notice of [the] alleged violation of law contrary to
[the] conditions of probation.”  Chacon v. State, 558 S.W.2d 874, 876
(Tex. Crim. App. 1977).  

Here,
the State’s motion to revoke cited:  (1) the positive September 9, 2009 drug
test; (2) Thomas’s admission to smoking marihuana on November 9, 2009; and (3)
Thomas’s failure to complete the CBOP/IOP program.  Notice of Thomas’s positive
September 2009 drug test, combined with Thomas’s admission of continued drug
use in November 2009, constituted notice to Thomas that the State would raise
his continuous drug use during his revocation hearing.  The admission of the
positive December 9, 2009 test into evidence during sentencing only provided cumulative
evidence of Thomas’s continued drug habit.  Thomas did not claim in the trial
court, nor does he now claim before this Court, that he was misled as to what
he was called upon to defend against.  See Chacon, 558 S.W.3d at
876; Pierce v. State, 113 S.W.3d 431, 441 (Tex. App.–Texarkana 2003,
pet. ref’d).  Thus, Thomas cannot argue that he was surprised or prejudiced by
another positive drug test.  See Chacon, 558 S.W.3d at 876; see also
Barocio v. State, No. 06-02-00185-CR, 2004 Tex. App. LEXIS 803, at **8-9 (Tex.
App.—Texarkana Jan. 24, 2009, no pet.) (mem. op., not designated for
publication) (holding that “[b]ecause the defects in the motion to revoke did
not mislead or surprise [the defendant], and therefore did not prejudice his
defense, the variance between the allegations and proof was not fatal.”).  

Further,
“the court did not base its finding upon a violation of a probationary
condition separate and distinct from the one alleged in the motion to revoke
probation.”  Id.; Pierce, 113 S.W.3d at 441.  In fact,
immediately prior to sentencing, the trial court stated the following:

Mr. Thomas . . . since you first
started coming, you [have not] given up that mari[h]uana.  And here’s the
problem: when you get out, you’re still going to have the mari[h]uana problem,
so that means that you’re probably going to be back in these courts. . . .  

 

The
positive December 9, 2009 test was not a “separate and distinct” violation from
Thomas’s formally alleged violations.  Accordingly, its admission did not
violate his due process rights.  In addition, we note that Thomas has not shown
how he was harmed by the admission of the December 9, 2009 drug test during
sentencing.  See Tex. R. App. P.
44.2.  For all of the foregoing reasons, we overrule this issue.  

B.          
Credit for Time Served


By
his second issue, Thomas complains that the trial court erred when it failed to
grant him credit for the time he already served in jail against his sentence. 
Article 42.03, section 2(a) of the code of criminal procedure provides that,
“[i]n all criminal cases the judge of the court in which the defendant was
convicted shall give the defendant credit on his sentence for the time
that the defendant has spent in jail for the case, other than confinement
served as a condition of community supervision.”  Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (Vernon Supp.
2010) (emphasis added).   Accordingly, “[t]he trial court is required to grant
the [defendant] pre-sentence jail time when sentence is pronounced.”  Ex parte
Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).   

The following exchange occurred during sentencing:

[Trial
court]:               [H]aving found that you violated the terms of your
community supervision, I’m going to revoke your community supervision.  I am
going to take judicial knowledge of the contents of my file, and I am going to
find that you are guilty of unlawful possession of . . . cocaine.

 

I’m going to assess your punishment at
one year in a state jail facility, and that will be day for day. 

 

[Defense attorney]:             Does
he get credit for time served?

 

[Trial court]:               I think I
just said one year, day for day.  Clean it up.

 

[Defense attorney]:  That would be no
credit, Your Honor?

 

[Trial court]:               That’s
what it means.

 

[Defendant]:              Huh?

 

[Trial court]:               Here’s
his certification.

 

[Defense attorney]:  Thank you, Your
Honor.

 

Thomas
did not object when the trial court clarified that it would not grant credit
for time served.  See Tex. R.
App. P. 33.1(a)(1) (noting that a party must lodge a timely request,
objection, or motion with specificity and obtain a ruling on the same).   Further, there is nothing in the
record before us which specifically indicates the time or dates Thomas served
which should be credited against his sentence.  See id.; Broussard v.
State, 226 S.W.3d 619, 621 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (“Because
this necessary evidence is missing from the record, we may not modify the
judgment to reflect credit for any time appellant may have served . . . .”). 
We assume, however, that Thomas refers to the sixty days he served in jail
when the trial court considered his first motion to revoke.  This time is
clearly addressed by article 42.03, section 2(a) of the code of criminal
procedure.  It is “confinement served as a condition of community supervision”
and, therefore, cannot be credited towards his sentence.   Tex. Code Crim. Proc. Ann. art. 42.03,
§2(a).

Thomas
urges us to follow Texas Code of Criminal Procedure article 42.12 section 15(h)(2),
which provides that a trial court has discretion whether to grant credit
against time served in a state jail felony facility for time confined between
arrest and sentence.  Tex. Code Crim.
Proc. Ann. art. 42.12, § 15(h)(2) (Vernon Supp. 2010).  “A judge may
credit against any time a defendant is required to serve in a state jail felony
facility time served by the defendant in county jail from the time of the
defendant’s arrest and confinement until sentencing by the trial court.”  Id. 
Thomas contends that “the statutes are not irreconcilable” and that they “must
be read in harmony to give effect to each.”  He claims that “the correct
interpretation of these provisions must be to require credit for time spent in
jail in the case not as a condition of community supervision, to prohibit
credit for time spent on community supervision, and to give discretion to allow
credit for any other time spent in jail between the date of arrest and
sentencing in this case.”  Thomas’s suggested interpretation fails to consider
that article 42.12 section 15(h)(2) gives the trial court broad discretion to
grant or deny credit.  Assuming Thomas is referring to time served between his
arrest and sentencing (which, as noted earlier, is not clear from the record),
the trial court used its discretion to deny this credit.  In light of the
evidence against Thomas which supports the trial court’s judgment, we cannot
say that this was an abuse of discretion.  Garrett, 619 S.W.2d at 174.

In
any event, the proper way
to address credit for time served is by filing a motion nunc pro tunc.  Ybarra,
149 S.W.3d at 149.  “Before we will entertain a claim of the denial of
pre-sentence jail time credit, an applicant must first attempt to correct the
omission in the judgment by way of a motion nunc pro tunc, and that if the
convicting court should decline to rule on the motion, the applicant must seek
a writ of mandamus to the appropriate court of appeals to compel the convicting
court to rule.’”  Ex parte Deeringer, 210 S.W.3d 616, 617-18 (Tex. Crim.
App. 2006).  If Thomas believes that the trial court erred and failed to give
mandatory credit for time served that was not a part of his community
supervision terms, he must follow the appropriate procedural avenues.

IV.
Conclusion

Having
disposed of all of Thomas’s issues, we affirm the judgment of the trial court.                                                                                                                   

 

________________________

DORI
CONTRERAS GARZA

Justice

 

Do not publish.

Tex. R. App.
P. 47.2(b)

Delivered and filed the

30th day of December, 2010.