ACCEPTED
13-15-00135-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/28/2015 9:52:30 AM
DORIAN RAMIREZ
CLERK

NO. 13-15-00135-CR

Ronnie McMullen
Appellant

VS.

THE STATE OF TEXAS,
Appellee

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/28/2015 9:52:30 AM
DORIAN E. RAMIREZ
Clerk

\* \* \*

IN THE COURT OF APPEALS
FOR THE THIRTEENTH COURT OF APPEALS DISTRICT OF TEXAS
Corpus Christi, Texas

\* \* \*

Appeal From Cause Number 14-CR-3618-H
347th District Court of Nueces County, Texas

\* \* \*

AMENDED BRIEF IN SUPPORT OF MOTION TO
WITHDRAW AS APPELLATE COUNSEL

John Grant Jones
Attorney For Appellant
208 Pipe Creek Lane
Tel: 361-815-2470 / Fax: 1-866-243-9810
Email: grant800@att.net
State Bar Number: 10917000

NO ORAL ARGUMENT IS REQUESTED

IDENTITY OF PARTIES AND COUNSEL

Defendant: Ronnie McMullen

Trial Judge:

Judge Robert Blackmon (visiting)
Sitting for Presiding Judge Missy Medary
347th District Court
Nueces County, Texas

State Counsel At Trial For Plea Of Guilty:

Mr. David Jakubowski
Assistant District Attorney
Nueces County Courthouse
901 Leopard Street, Room 206
Corpus Christi, Texas 78401
Telephone: (361) 888-0410
SBN: 24978729

Defense Counsel At Trial For Plea Of Guilty:

Mr. L. Chris Iles
Attorney At Law
711 N. Caracahua, #700
Corpus Christi, Texas 78401
Tel: 361-883-2020
Fax: 866-565-5343
SBN: 00789391

Defense Counsel On Appeal By Appointment:

John Grant Jones
Attorney At Law
208 Pipe Creek Lane
Georgetown, Texas 78633
Tel: 361-815-2470 / Fax: 1-866-243-9810
Email: grant800@att.net
State Bar Number: 10917000

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ………………………………….1

INDEX OF AUTHORITIES…………………………………………………..4

STATEMENT OF THE CASE………………………………………………..5

ISSUES PRESENTED………………………………………………………...5

STATEMENT OF THE FACTS (Matters Pertinent To Anders Brief)……….6

    1. Sufficiency of the indictment…………………………………..6

    2. Adverse pretrial rulings………………………………………...6

    3. Compliance with Texas Code Of Criminal Procedure,
       Section 26.13, and Padilla v. Kentucky……………………………...6

    4. Competency…………………………………………………….7

    5. Voluntariness of appellant's plea………………………………7

    6. Adverse rulings during the sentencing hearing ……………………...7
       on objections or motions.

    7. Failure to object to fundamental error…………………………..7

    8. Legality of sentence……………………………………………7

    9. Accuracy of written judgment as to sentence and
       proper application of credit……………………………………..8

    10. Sufficiency of the evidence…………………………………..…8

    11. Effective assistance of counsel………………………………….9

    12. Discovery Rights……………………………………………….9

PRAYER………………………………………………………………...9

CERTIFICATE OF COMPLIANCE……………………………………..10

CERTIFICATE OF SERVICE…………………………………………..10

INDEX OF AUTHORITIES

**Cases:**

**Supreme Court**

Anders v. California, 87 S.Ct. 1396 (1967) …………………………………………9

Strickland v. Washington, 466 U.S. 668 (1984)…………………………………………9

**Texas Cases**

Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g)….8

Ex parte Bates, 978 S.W.2d 575, 577-78 (Tex. Crim. App. 1998)………………8

Ex parte Martinez,  330 S.W. 3d 891, 900 (Tex. Crim. App. 2011)…………….....9

Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App.1969)………………………..9

High v. State, 573 S.W.2d 807, 811 (Tex.Crim.App. [Panel Op.] 1978)………...9

In Re Schulman, 252 S.W 3d 403 (Tex.Crim.App. 2008)………………………..9

Tabora v. State, 14 S.W.3rd 332 (Tex.App., Houston [14th Dist] 2000)…………8

**Statutes And Rules:**

Texas Code Of Criminal Procedure, Art. 22.02…………………………………..6

Texas Code Of Criminal Procedure, Art. 26.13…………………………………..6

Texas Code Of Criminal Procedure, Art. 39.14…………………………………..9

Texas Code Of Criminal Procedure, Art. 46B.004………………………….…7

Texas Code Of Criminal Procedure, Art. 42.03(1)(a)……………………………8

Texas Penal Code, Sec. 12.33……..…………………………………..…………..8

Texas Penal Code, Sec. 12.34…………………………………………………...7

Texas Penal Code, Sec. 31.03(a),(b),(e)(4)(D)………………………………6

Texas Penal Code, Sec. 36.02………………………………………………..6

## STATEMENT OF THE CASE

This is an appeal from an open plea of guilty to the trial court to a two-count indictment charging state jail felony theft (Count 1) and bribery (Count 2). (Clerk Record, pp. 5,6)  The indictment followed appellant's arrest for shoplifting and his attempt to bribe a peace officer not to arrest him shortly after his initial detention. (Clerk Record, pp. 47, 48) The court denied appellant's request for community supervision and assessed punishment at 8 years on the bribery count and 2 years on the theft count. (Reporter Record, Vol. 2, pp. 28, 29) The court ordered the sentences to run concurrently. (Reporter Record, Vol. 2, p. 29)  Appellant requested the court to re-consider the sentence. In a second punishment hearing, the court denied this request. (Record Record, Vol. 3. Pp. 5-6)

The certification of defendant's right to appeal states that the case " is not a plea bargain case, and the Defendant has the right of appeal." (Clerk Record, p. 44)

## ISSUES PRESENTED

There are no issues presented.

STATEMENT OF THE FACTS

Matters Pertinent To Anders Brief

1.  Sufficiency of the indictment.

Count 1 of the indictment charges state jail felony theft under Texas Penal Code, Sec. 31.03(a),(b),(e)(4)(D). Count 1 alleges each statutory element under statute.

Count 2 of the indictment charges the offense of bribery under Texas Penal Code, Section 36.02.  Count 2 alleges each statutory element under statute.

The indictment meets all of the requisites of  Texas Code of Criminal Procedure, Article 22.02.  (Clerk Record, p. 5)

2.  Adverse pretrial rulings.

There are no adverse pretrial rulings.

3.  Compliance with Texas Code Of Criminal Procedure, Section 26.13, and Padilla v. Kentucky.

Before pleading guilty defendant executed a comprehensive admonishment and waiver of rights form. The requirements of Section 26.13, are fully met by the execution of this form.  (Clerk Record, pp. 30-41)  Defendant is a citizen of the United States. (Clerk Record, p. 37)

4. Competency.

The issue of competency was not raised prior to sentencing so as to warrant an inquiry by the trial court. See Texas Code Criminal Procedure, Art. 46B.004. During the plea of guilty proceeding, defense counsel stated that he believed appellant was competent.(Clerk Record, p. 39) In the waiver form, appellant admits that he is competent. (Clerk Record, p. 36)

5. Voluntariness of appellant's plea.

There is nothing in the record to show that appellant's plea of guilty was other than freely and voluntarily made. Defendant admits his pleas were freely and voluntarily made. (Clerk Record, p. 45)

6. Adverse rulings during the sentencing hearing on objections or motions.

There were no adverse rulings during the sentencing hearing on objections or motions.

7. Failure to object to fundamental error.

There is nothing in the record to show fundamental error. Counsel could find no jurisdictional defects.

8. Legality of sentence.

The offense alleged in count one of the indictment is a third degree felony. (Clerk Record, p. 5) The two-year sentence (with no fine) imposed is within the range authorized by law for a third degree felony. Texas Penal Code, Sec. 12.34.

7

The offense alleged in count two of the indictment is a second degree felony. The six-years sentence with no fine imposed is within the range authorized by law for a second degree felony. Texas Penal Code, Section 12.33

9. Accuracy of written judgment as to sentence and proper application of credit.

The written judgment accurately states the sentence of two years with no fine pronounced in court for count 1. (Clerk Record, p. 107) The written judgment accurately states the sentence of eight years with no fine pronounced in court for count 2. (Clerk Record, p. 107 ) The judgment requires that the sentences run concurrently, as pronounced. (Clerk Record, p. 107) The judgment also grants credit for time in jail. (Clerk Record, p. 107 ). Texas Code Criminal Procedure, Art. 42.03(1)(a) and Ex parte Bates, 978 S.W.2d 575, 577-78 (Tex. Crim. App. 1998).

10. Sufficiency of the evidence.

Appellant's judicial confession is sufficient evidence to support the court's finding of guilty. (Clerk Record, p. 45) Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g); Tabora v. State, 14 S.W.3rd 332 (Tex.App., Houstion [14th Dist] 2000)

11. Effective assistance of counsel.

Counsel finds nothing in the record to suggest ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). Ex parte Martinez, 330 S.W. 3d 891, 900 (Tex. Crim. App. 2011)

12. Discovery Rights.

Appellant and this attorney made a written waiver of appellant's discovery rights under Texas Code Of Criminal Procedure, Article 39.14 (Clerk Record, p. 43)

CONCLUSION AND PRAYER

After a careful and diligent review of the record, counsel can find no arguable issues to bring forward for review, and prays that the motion to withdraw be granted. See Anders v. California, 87 S.Ct. 1396 (1967); Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App.1969); High v. State, 573 S.W.2d 807, 811 (Tex.Crim.App. [Panel Op.] 1978); and In Re Schulman, 252 S.W 3d 403 (Tex.Crim.App. 2008)

/s/ John Grant Jones

_____

John Grant Jones
Attorney At Law
208 Pipe Creek Lane
Georgetown, Texas 78633
Tel: 361-815-2470 / Fax: 1-866-243-9810
Email: grant800@att.net
SBN: 10917000

## CERTIFICATE OF COMPLIANCE

I certify that the length of this brief meets the length requirements of Rule 9.4(i)(2)(B), Texas Rules Of Appellate Procedure. The number of words in this document is 1431.

/s/ John Grant Jones

_____

John Grant Jones

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2015, I electronically filed the foregoing document with the Clerk of the Thirteenth Court of Appeals, Corpus Christi, Texas, using the Texas Efile System which will send notification of such filing to:

Mr. Douglas Norman
Nueces County
District Attorney's Office
901 Leopard Street
Corpus Christi, Texas 78410

/s/ John Grant Jones

_____

John Grant Jones